No. 00-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 172N

IN RE THE MARRIAGE OF

MAURICE J. SMITH,

Petitioner and Appellant,

and

ELIZABETH M. SMITH,

Respondent and Respondent.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

Honorable John W. Whelan, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Robyn L. Weber, Weber Law Firm, Helena, Montana

For Respondent:

Daniel R. Sweeney, Attorney at Law, Butte, Montana

Submitted on Briefs: January 18, 2001
Decided: August 23, 2001

Filed:

———————————————————————

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issues by this Court.

¶2 Maurice J. Smith appeals from Second Judicial District Court's property division following dissolution of the parties' marriage. We affirm the order of the District Court.

## FACTUAL BACKGROUND

¶3 Maurice and Elizabeth Smith were married on March 27, 1996. The couple's marital estate consisted of a home owned jointly by Elizabeth and her husband from a previous marriage, a cabin owned by Maurice, and personal property including cars, equipment, computers and other household items. The parties separated approximately two-and-one-half years after they were married. Maurice filed for dissolution of the marriage shortly thereafter. The couple had no children together.

¶4 After attempts to amicably divide the couple's property failed, both parties agreed to submit their respective exhibits and documentation to the District Court and allow it to make an equitable distribution of their assets and liabilities. Maurice submitted an extensive list of pre-marital personal property and various receipts and cancelled checks to document his claim that he had contributed to the appreciation of Elizabeth's home.

¶5 After receiving Maurice's exhibits and Elizabeth's response, the District Court divided the estate. It gave Maurice a 1996 Ford F250 truck, a 1976 Jeep, and a $4,000 trailer given to the couple by Elizabeth's parents. It awarded Elizabeth the couple's remaining automobile, a 1990 Mazda. Each party received the real estate he or she brought into the marriage, although the District Court divided the appreciation in Elizabeth's home equally between the parties. The District Court allowed Maurice to take possession of the personal

property on his list. Finding that each party had the ability to provide for his or her self, it made no award of maintenance. Maurice subsequently made a motion to amend the District Court's order, seeking additional items of personal property, but then filed his notice of appeal before the District Court had an opportunity to rule on the motion.

## DISCUSSION

¶6 Maurice contends that the District Court abused its discretion by failing to apportion to him certain items of personal property he brought into the marriage, by making the apportionment before receiving documents it had ordered Elizabeth Smith to produce and by making an apportionment that was inequitable.

¶7 We review a District Court's property distribution under an abuse of discretion standard. The test for abuse of discretion in a dissolution proceeding is whether the District Court acted arbitrarily without employment of conscientious judgment or whether the District Court exceeded the bounds of reason resulting in substantial injustice. *In re Marriage of Davis*, 1999 MT 218, ¶ 20, 295 Mont. 546, ¶ 20, 986 P.2d 408, ¶ 20.

¶8 The District Court has broad discretion to determine an equitable division of property upon dissolution of a marriage. The court may apportion assets belonging to either or both parties, however and whenever acquired, and whether the title is held in the name of the husband or the wife. Section 40-4-202(1), MCA (1997). When making this division, the court must consider the duration of the marriage, the needs of the parties and the opportunity for each for the acquisition of future income. Section 40-4-202, MCA (1997). When dividing property acquired prior to the marriage, the court must consider the nonmonetary contributions of the other spouse to the marriage. Section 40-4-202(1), MCA (1997).

¶9 Maurice contends that certain items of his premarital personal property-mainly household items-were inappropriately awarded to Elizabeth in the property division. As noted above, however, the District Court has authority to divide premarital property as part of the property settlement. There is no abuse of discretion especially where, as here, the District Court found Elizabeth had, essentially, provided Maurice with free room and board for the duration of the marriage.

¶10 Maurice claims that the District Court ordered Elizabeth to produce documents refuting his claim that he made substantial contributions toward the value of her home.

She responded with an itemized list addressing each of Maurice's claimed expenditures. Maurice argues that District Court's acceptance of this material in response to its order was an abuse of discretion. We disagree. The District Court merely asked Elizabeth to submit her responses to Maurice's claims. She did so. We see no abuse of discretion.

¶11 Finally, Maurice claims that the District Court's property division was grossly inequitable. This claim is also not supported by the record. Each party received their pre-marital real estate and the personal property associated with it. Maurice was able to take possession of other personal property prior to the settlement decree. In addition, he received two automobiles, a valuable trailer given to the couple by Elizabeth's parents and half the appreciation in Elizabeth's home-despite evidence that his claimed improvement expenses added little or no value to this property.

## CONCLUSION

¶12 Maurice has not shown that the District Court either failed to employ conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. On the contrary, the record reflects the District Court's reasoned and fair evaluation of each party's contribution to the marriage, its duration and the needs of both parties. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER